887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eli Florist EASTERLING, Petitioner-Appellant,
v.
Talmadge BARNETT; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 88-6845.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 30, 1989.
Decided: Sept. 26, 1989.
Rehearing Denied Jan. 16, 1990.
 
 Before WIDENER, CHAPMAN and WILKINSON, Circuit Judges.
 Eli Florist Easterling, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for respondents-appellees.
 PER CURIAM:
 
 
 1
 Eli Florist Easterling seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit.
 
 
 2
 Easterling asserts that evidence of racial discrimination in the selection of the foreman of the grand jury that indicted him requires that his conviction be overturned. He further argues that his attorney was ineffective in that he failed to raise the issue at trial or on appeal.
 
 
 3
 Although Easterling has filed habeas corpus petitions in federal court before which did not include this claim, he has not abused the writ because the information on which he bases his discrimination claim only became known to him recently.
 
 
 4
 The district court found that federal review of Easterling's discrimination claim was barred because he had not raised it at trial or on appeal in state court and had not shown cause for this procedural default, as required by Wainwright v. Sykes, 433 U.S. 72, 87 (1977). We agree. Although attorney error amounting to constitutional ineffectiveness can be cause which excuses a procedural default, we do not believe Easterling's attorney was ineffective under the test set out in Strickland v. Washington, 466 U.S. 668 (1984). The statistical evidence of discrimination needed to make out a prima facie case under Rose v. Mitchell, 443 U.S. 545 (1979), which was decided a mere two weeks before Easterling's trial, and the uncertainty of success make the attorney's failure to pursue this claim, while perhaps mistaken,* something less than constitutional ineffectiveness.
 
 
 5
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We deny appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 *
 Eight years later, in State v. Cofield, 320 N.C. 297, 357 S.E.2d 622 (1987), the North Carolina Supreme Court held that racial discrimination in the selection of the grand jury foreman would invalidate an indictment and subsequent conviction; the case was remanded to allow the state an opportunity to rebut the defendant's prima facie case